IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES MAYBEE                                                                                    PLAINTIFF

vs.                                         Civil No. 3:10-cv-03063

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

James Maybee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Jimm Larry Hendren referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed applications for DIB and SSI on April 10, 2006. (Tr. 11). Plaintiff alleged he was disabled due to back, neck, ankle, and foot pain. (Tr. 72). Plaintiff alleged an onset date of January 31, 1999, but later amended this date to March 25, 2006 to correspond with the last day he performed substantial gainful activity. (Tr. 81, 425). This application was denied initially and again upon reconsideration. (Tr. 31-36). On December 8, 2006, Plaintiff requested an administrative

hearing on his application. (Tr. 27).

This hearing request was granted, and a hearing was held on November 6, 2007 in Harrison, Arkansas. (Tr. 389-469). At this hearing, Plaintiff was present and was represented by counsel, Donald Bishop. *Id.* Plaintiff, his wife Kerry Maybee, his friend David Frazier, and Vocational Expert ("VE") Patti Kent testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the ninth grade (Tr. 399).

On January 24, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB , SSI and a period of disability. (Tr. 11-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 25, 2006. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the severe impairments of low back problems, right foot injury, left shoulder tendonitis, and a learning disability. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC as follows:

> After carful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, i.e. in addition to lifting/carry up to 20 pounds occasionally and 10 pounds frequently, sit up 6 hours total during an 8 hour workday, and stand/ walk up to 4 hours during an 8 hour

>workday. Secondary to foot pain the claimant cannot climb scaffolds/ladders/ropes but can occasionally climbs and stairs. The claimant can occasionally stoop, crouch, bend, crawl, kneel, and balance. The claimant can use right foot controls only occasionally, cannot walk on uneven surfaces and can only reach below shoulder level bilaterally. Due to his learning disability, the claimant can only read simple non-complex words, and due to poor communication skills he is limited to jobs which involve non-complex simple instructions, use of little judgment, and routine/repetitive tasks which are learned by rote, with few variables, which involve only superficial contact incidental to the work with the public and co-workers and which involve supervision which is concrete, direct and specific.

(Tr. 18, finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 435-439). The VE testified that Plaintiff's PRW included work as a maintenance man, clerk, chicken eviserator, plastic sorter, and truck driver. *See id.* The ALJ found Plaintiff could not perform this PRW. (Tr. 20, Finding 6).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an assembler with approximately 1,500 such jobs in Arkansas and 105,975 such jobs in the nation. (Tr. 458-459). Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 25, 2006 through the date of the ALJ's decision. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 388). *See* 20 C.F.R. § 404.968. On May 17, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On July 12, 2010, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the

familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7. Specifically, in his appeal brief, Plaintiff claims the following: (A) the ALJ erred in determining Plaintiff was capable of performing the occupation identified by the VE; and (B) the ALJ erred in her evaluation of Plaintiff's corroborating witnesses. *Id.* In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 8.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, this Court finds the ALJ erred in determining Plaintiff was capable of performing the occupation of assembler as identified by the VE. Thus, this Court will only address this issue.

As previously mentioned, the VE testified that Plaintiff's PRW included work as a maintenance man, clerk, chicken eviserator, plastic sorter, and truck driver. (Tr. 435-439). The ALJ

found Plaintiff could not perform this PRW. (Tr. 20, Finding 6).

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21, Finding 10). The ALJ based her determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of an assembler with DOT Code 726.684-110. (Tr. 458-459). This was the only occupation identified by the VE. The Dictionary of Occupational Titles ("DOT") description for this occupation is as follows:

> 726.684-110 TOUCH-UP SCREENER, PRINTED CIRCUIT BOARD ASSEMBLY (electron. comp.)
>
> Inspects printed circuit board (PCB) assemblies for defects, such as missing or damaged components, loose connections, or defective solder: Examines PCB's under magnification lamp and compares boards to sample board to detect defects. Labels defects requiring extensive repairs, such as missing or misaligned parts, damaged components, and loose connections, and routes boards to repairer. Performs minor repairs, such as cleaning boards with freon to remove solder flux; trimming long leads, using wire cutter; removing excess solder from solder points (connections), using suction bulb or solder wick and soldering iron; or resoldering connections on PCB's where solder is insufficient. Maintains record of defects and repairs to indicate recurring production problems. May reposition and solder misaligned components. May measure clearances between board and connectors, using gauges. GOE: 06.03.02 STRENGTH: S GED: R2 M1 L2 SVP: 2 DLU: 86

Plaintiff argues based on the RFC found by the ALJ, he was not capable of performing the functions of this occupation. Plaintiff first points out this occupation requires a Level 2 Reasoning Development which is defined by the DOT as requiring in part, the ability to carry out detailed but uninvolved written or oral instructions. *See* Dictionary of Occupational Titles, appendix C part III. (4th ed. 1991). However, the ALJ in her RFC determination found Plaintiff was limited to jobs which involved non-complex instructions. (Tr. 18, Finding 5).

Additionally, Plaintiff argues he is unable to perform the language functions of this occupation. This occupation requires a Level 2 Language Development which includes a passive

6

vocabulary of 5000-6000 words and the ability to read adventure stories and comic books and looking up unfamiliar words in a dictionary. It also requires the ability write compound and complex sentences, using cursive style, proper end punctuation, and use of adjectives and adverbs. *See* Dictionary of Occupational Titles, appendix C part III. (4th ed. 1991).

Plaintiff was given a verbal IQ score of 74 and was found to be "marginally literate." (Tr. 168). Additionally, on March 8, 2000, Plaintiff was given a Psychological Screening Report. (Tr. 167- 169). The findings on Plaintiff included: (1) inability to perform tasks involving extensive communication, (2) difficulty in recalling prior learning, (3) difficulty following sequential planning, and (4) slow learning of training/work tasks. (Tr. 168-169).

Of additional concern is the fact that the VE seemed to rule out Plaintiff's ability to perform this occupation based on an answer to the ALJ's questioning. During Plaintiff's administrative hearing, the VE was asked about other types of occupations Plaintiff could perform as follows:

Q: Would there be any other kind?

A: I don't know of any given the reading restrictions. The other jobs I have sedentary require, again, the read - being able to read comic books, adventure stories recognize certain vocabulary, a number of vocabulary. (Tr. 459).

Based on this answer of the VE, she excludes Plaintiff from performing the very occupation she identified for Plaintiff, as DOT Code 726.684-110 requires this level of reading.

When the VE provides evidence about the requirements of a job or occupation, the ALJ has an affirmative responsibility to ask about any possible conflict between that VE evidence and the information provided in the Dictionary of Occupational Titles. *See* Social Security Ruling 00-04p. In this matter, the ALJ failed to explain the conflict between the VE's testimony and the Dictionary of Occupational Titles in so far as it related to the above mentioned conflict. Based on the foregoing, the ALJ's decision that Plaintiff was capable of performing other work is not supported by

7

substantial evidence.[1]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 21st day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8